Stan Casper (State Bar No. 56705)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
California Plaza
2121 North California Blvd., Suite 1020
Walnut Creek, California 94596
Telephone: (925) 947-1147
Facsimile: (925) 947-1131

Attorneys for Plaintiff
BRIAN NELSON WILLIAMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN NELSON WILLIAMS,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF MARTINEZ, GLENN WALKUP, J. ROGERS, B. CARTER, and DOES 1 through 20,<br><br>　　　　　　Defendants. | *Case No.*<br><br>**COMPLAINT FOR DAMAGES**<br>**[42 U.S.C. § 1983]**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff BRIAN NELSON WILLIAMS hereby complains and hereby alleges the following:

**INTRODUCTION**

1. This action arises under Title 42 United States Code section 1983. Jurisdiction is conferred upon this court by Title 28 United States Code sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the CITY OF MARTINEZ, in Contra Costa County, California, which is within this judicial district. Venue is conferred upon this court by Title 28 United States Code section 1391(b).

2. Plaintiff has satisfied all requirements of state law in notifying defendants of his intention to pursue state law tort claims against defendants.

3. Plaintiff hereby demands a jury trial in this action.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

COMPLAINT FOR DAMAGES　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1

## IDENTIFICATION OF PARTIES

4.   Plaintiff BRIAN NELSON WILLIAMS ("Plaintiff" or "WILLIAMS") is a citizen of the United States and a resident of the CITY OF MARTINEZ.

5.   Defendant CITY OF MARTINEZ ("CITY") is a public entity, duly organized and existing under the laws of the State of California. CITY operates under its authority the Martinez Police Department.

6.   At all relevant times, defendant GLENN WALKUP ("WALKUP") was a police officer for the Martinez Police Department. At all times mentioned in this complaint, WALKUP was acting under color of law and within the course and scope of his duties as a police officer for the Martinez Police Department.

7.   At all relevant times, defendant J. ROGERS ("ROGERS") was a police officer for the Martinez Police Department. At all times mentioned in this complaint, RODGERS was acting under color of law and within the course and scope of his duties as a police officer for the Martinez Police Department.

8.   At all relevant times, defendant B. CARTER ("CARTER") was a member of the Martinez Police Department holding the rank of Corporal. At all times mentioned in this complaint, CARTER was acting under color of law and within the course and scope of his duties as a supervisory officer for the Martinez Police Department and as the supervisor of WALKUP and ROGERS.

9.   Plaintiff is ignorant of the true names and capacities of those defendants identified in this complaint as DOES 1 through 20. Plaintiff will amend his complaint to allege the true names and capacities of these defendants when they have been ascertained.

10.   Plaintiff is informed and believes, and on that basis alleges that each of the defendants sued in this complaint, including DOES 1 through 20, is responsible in some manner for the damages alleged. Each reference in this complaint to "defendant," "defendants," or to a specifically-named defendant, refers also to DOES 1 through 20.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES                                                                 Page 2

## FACTS SUPPORTING PLAINTIFF'S CLAIMS FOR RELIEF

11. During the early morning of July 20, 2006, the Martinez Police Department received a call complaining about a noisy party at the home of WILLIAMS in Martinez. The dispatcher contacted WALKUP with information about the complaint. WALKUP reported to the address given, along with CARTER and ROGERS, and an additional officer, John Butler ("Officer Butler"). WALKUP was also accompanied by his police canine, "Enzo."

12. When Defendants and Officer Butler arrived at Plaintiff's home, the area was quiet with no evidence of a noisy party. Nonetheless, the officers sought entry to Plaintiff's home. The front door was opened by Michele Leveque, an acquaintance of WILLIAMS. WALKUP, CARTER, ROGERS and Officer Butler entered WILLIAMS' home along with Enzo.

13. Leveque told Defendants and Officer Butler that WILLIAMS was upstairs in his bedroom. Officer Butler handcuffed Leveque and directed her to sit down. Defendants went upstairs with Enzo.

14. WALKUP released Enzo and gave him a search command. Enzo located WILLIAMS in his bedroom. At the direction and with the encouragement of WALKUP, Enzo bit WILLIAMS numerous times in his right shoulder and forearm and his right thigh, calf and foot, inflicting multiple puncture wounds.

15. WALKUP did not prevent Enzo from biting WILLIAMS or from continuing to bite WILLIAMS. CARTER and ROGERS did not prevent Enzo from biting WILLIAMS or from continuing to bite WILLIAMS. CARTER and ROGERS did not intercede to require WALKUP to prevent Enzo from biting or from continuing to bite WILLIAMS.

16. WILLIAMS had not committed any crime whatsoever, was not suspected of any criminal conduct whatsoever, and was peacefully relaxing in his own bedroom when he was attacked. At no time was it appropriate for Defendants to apply any force whatsoever against WILLIAMS. At all relevant times, Defendants knew there

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES                                                                 Page 3

1 was no justification for the use of any force whatsoever against WILLIAMS. At all relevant times, Defendants knew they were obliged to prevent Enzo from biting WILLIAMS and to stop Enzo from continuing to bite WILLIAMS.

17. Defendants obtained emergency medical treatment for Plaintiff and then had him transported to the Martinez Detention Facility. WALKUP sought prosecution of Plaintiff for violation of Penal Code 148a, resisting or obstructing a peace officer. The District Attorney declined to prosecute in the interests of justice.

18. The day after he was arrested and attacked, WILLIAMS sought further emergency medical assistance. The puncture wounds inflicted by Enzo had become painfully infected, requiring Plaintiff to undergo extensive antibiotic treatment. These injuries and the treatment required therefore prevented Plaintiff from attending to his usual occupation and resulted in a substantial loss of income.

19. Plaintiff is informed and believes, and on that basis alleges that CITY, in its official capacity, failed to adequately train police officers for the Martinez Police Department regarding the appropriate use of force, including police canines, against citizens. In failing to provide adequate training in these areas, CITY, acting through its policy makers and officials delegated with the responsibility, were deliberately indifferent to the likelihood that police officers for CITY, including Defendants, would arbitrarily violate their authority by employing unnecessary and excessive force, violating the constitutional and statutory rights of citizens.

20. Plaintiff is informed and believes, and on that basis alleges that Defendants, including WALKUP, were not subjected to appropriate discipline for the gross abuse of authority against Plaintiff. As a direct consequence of the failure to train and discipline Defendants, the violation of Plaintiff's constitutional rights by Defendants was authorized, condoned, tacitly approved and/or ratified by CITY.

21. Plaintiff is informed and believes, and on that basis alleges that, at the time of the conduct described in this complaint, it was the pattern and practice of CITY, acting by and through the Martinez Police Department to tolerate, ratify and condone

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES                                                                                             Page 4

the unlawful use of force, including the unlawful use of police canines, by officers of the Martinez Police Department. This pattern and practice is as consistent and pervasive as to constitute a de facto policy of the Martinez Police Department and CITY. This pattern, practice, and policy of Defendants was a moving force behind the physical, emotional, financial, and constitutional harm suffered by Plaintiff as described in this complaint.

## DAMAGES

22. Defendants' brutal conduct and the unconstitutional policies and practices of CITY violated Plaintiff's statutory and constitutional rights under the laws of the United States and of the State of California, and deprived Plaintiff of his security and dignity as a citizen of the United States and as a resident of the State of California. As a proximate result of the misconduct of Defendants, Plaintiff suffered physical injury and disability, fear, humiliation, worry, anxiety and severe emotional distress.

23. As a further proximate result of Defendants' conduct, Plaintiff lost wages and incurred expenses for medical treatment.

24. Plaintiff further incurred expenses for the services of attorneys and investigators in seeking civil remedies for the violation of his constitutional rights by Defendants.

25. The conduct of WALKUP as described in this complaint was malicious, fraudulent, reckless and oppressive, and was committed with the intent to cause physical and emotional harm to Plaintiff and to deprive Plaintiff of his constitutional rights. Plaintiff is therefore entitled to an award of punitive and exemplary damages against WALKUP.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983
**(Against Defendants WALKUP, ROGERS, CARTER and DOES 1 through 20)**

26. Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through 25, as though fully stated in this cause of action.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

27. WALKUP, ROGERS, CARTER and DOES 1 through 20 acted under color of law and in abuse of their authority as police officers for the Martinez Police Department in causing WILLIAMS to be repeatedly bitten by their police canine without any lawful justification, thereby depriving Plaintiff of certain constitutionally-protected rights, including but not limited to, the right to be free from unreasonable searches and seizures, and from the use of excessive force by law enforcement officers, as guaranteed by the Fourth Amendment to the United States Constitution.

28. As a proximate result of the conduct of Defendants, Plaintiff incurred damages for the deprivation of his constitutional rights, and suffered severe physical and emotional injuries and sustained additional damages as described in this complaint.

29. WALKUP acted in reckless and callous disregard for the constitutional rights of Plaintiff, and with willful oppression and malice. Plaintiff therefore seeks an award of punitive damages against WALKUP in his individual capacity.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983
### (Against CITY)

30. Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through 29, as though fully stated in this cause of action.

31. The practices and policies maintained by CITY under color of law were a moving force behind the harm suffered by Plaintiff. CITY was deliberately indifferent to the risk that the practices and policies of the Martinez Police Department would cause, and did in fact cause Plaintiff to be deprived of his constitutionally-protected rights, as set forth in this complaint.

32. As a proximate result of the conduct of Defendants, Plaintiff incurred damages for the deprivation of his constitutional rights and suffered severe physical and emotional injuries and sustained additional damages as described in this complaint.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES                                                                 Page 6

WHEREFORE, Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION
### 48 U.S.C. § 1983
### (Against CITY)

33. Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through 32 as though fully stated in this cause of action.

34. CITY's failure to train and/or discipline WALKUP, ROGERS, CARTER and DOES 1 through 20 and CITY's ratification of Defendants' conduct encouraging and allowing Enzo to repeatedly bite Plaintiff, caused the violation of Plaintiff's constitutional rights, as alleged in this complaint.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION
### California Civil Code § 52.1
### (Against WALKUP, ROGERS, CARTER, CITY and DOES 1 through 20)

35. Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through 34, as though fully stated in this cause of action.

36. In engaging in the conduct described in this complaint, Defendants interfered and attempted to interfere with Plaintiff's rights, as protected by the Constitutions and laws of the United States and of the State of California by threats, intimidation and coercion. The violation of these rights by is actionable under California Civil Code § 52.1.

37. The rights violated by Defendants include the right to be free from the arbitrary abuse of the police power, including the use of unnecessary and excessive force by police officers, as protected by Article I, Section 13 of the California Constitution, and the Fourth Amendment to the United States Constitution.

38. Defendants violated these rights while acting under color of law and in the course and scope of their employment as police officers for CITY.

39. As a proximate result of the conduct of Defendants, Plaintiff suffered damages as described in this complaint, including actual damages within the meaning of California Civil Code § 52.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

40. As a proximate result of the conduct of Defendants, Plaintiff is also entitled to an award of exemplary damages, civil penalties and attorneys' fees, as provided by California Civil Code § 52.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FIFTH CAUSE OF ACTION
### Battery
### (Against WALKUP and CITY)

41. Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through 40, as though fully stated in this cause of action.

42. The conduct of WALKUP in causing and encouraging Enzo to repeatedly bite WILLIAMS was committed intentionally without Plaintiff's consent and without lawful justification or provocation. Such conduct constituted a battery of Plaintiff by WALKUP.

43. WALKUP battered plaintiff while acting under color of law and in the course and scope of his employment as a police officer for CITY.

44. As a proximate result of WALKUP's conduct, Plaintiff suffered physical and emotional injuries and incurred damages as described in this complaint.

45. The conduct of WALKUP as described in this cause of action was malicious, fraudulent, reckless and oppressive, and was committed with the intent to cause physical and emotional harm to Plaintiff. Plaintiff is therefore entitled to an award of punitive and exemplary damages against WALKUP.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### SIXTH CAUSE OF ACTION
### False Imprisonment
### (Against WALKUP, ROGERS, CARTER, CITY and DOES 1 through 20)

46. Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through 45, as though fully stated in this cause of action.

47. On July 20, 2006, Defendants affected a false imprisonment of Plaintiff by unreasonably detaining, arresting and imprisoning Plaintiff in the absence of probable cause. Defendants affected the false imprisonment of Plaintiff by means of

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES                                                            Page 8

1 actual force, implied threats of force and other forms of unreasonable duress. Defendants affected the false imprisonment of WILLIAMS within the course and scope of their employment with CITY.

48. As a proximate result of Defendants' false imprisonment of Plaintiff, Plaintiff suffered physical and emotional injuries and incurred damages as described in this complaint.

49. The conduct of WALKUP as described in this cause of action was malicious, fraudulent, reckless and oppressive, and was committed with the intent to cause physical and emotional harm to Plaintiff. Plaintiff is therefore entitled to an award of punitive and exemplary damages against WALKUP.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SEVENTH CAUSE OF ACTION
### Negligence
**(Against WALKUP, ROGERS, CARTER, CITY and DOES 1 through 20)**

50. Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through 49, as though fully stated in this cause of action.

51. At all relevant times, WALKUP, ROGERS, CARTER and DOES 1 through 20 were subject to a duty of care, to avoid causing foreseeable harm to other persons, including WILLIAMS.

52. Acting within the course and scope of their employment with CITY, Defendants breached their duty of care to WILLIAMS in negligently allowing and encouraging Enzo to repeatedly bite WILLIAMS, and in failing to prevent Enzo from repeatedly biting WILLIAMS.

53. As a proximate result of Defendants' negligence, Plaintiff suffered physical and emotional injuries and incurred damages as set forth in this complaint.

WHEREFORE, Plaintiff prays for relief as follows:

(1) For general damages, according to proof;

(2) For special damages, according to proof;

(3) For damages for the violation of constitutional rights, according to proof;

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES                                                                                    Page 9

  (4) For treble damages and civil penalties, pursuant to California Civil Code § 52;

  (5) For punitive and exemplary damages against WALKUP according to proof;

  (6) For attorney's fees incurred in the prosecution of this action pursuant to 42 U.S.C. § 1988 and California Civil Code § 52;

  (7) For an award of prejudgment interest as allowable by law; and

  (8) For such other relief as the court may deem reasonable and just.

                **CASPER, MEADOWS, SCHWARTZ & COOK**

Dated: January 22, 2008      */s/ Stan Casper*
                Stan Casper
                Attorneys for Plaintiff
                BRIAN NELSON WILLIAMS

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES                          Page 10