JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendant
CITY OF MARTINEZ, GLENN WALKUP, J. ROGERS, AND
B. CARTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN NELSON WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF MARTINEZ, GLENN WALKUP, J. ROGERS, B. CARTER, AND DOES 1 through 20,<br><br>　　　　Defendants. | Case No. C08-0449 EMC<br><br>**ANSWER TO COMPLAINT FOR DAMAGES** |

　　　This answer to Plaintiff BRIAN NELSON WILLIAMS' ("Plaintiff') Complaint (hereafter "Complaint") is being submitted by Defendants CITY OF MARTINEZ, GLENN WALKUP, J. ROGERS, and B. CARTER. Except as indicated otherwise, the aforementioned parties will be referred to collectively as answering Defendants. Defendants herein demand a jury trial.

## INTRODUCTION

　　　1)　　These answering Defendants neither admit nor deny the allegations in paragraphs 1 through 3 as they are legal matters not proper for admission or denial.

## IDENTIFICATION OF PARTIES

　　　In answering paragraphs 4 through 10, these answering Defendants respond as follows.

　　　2)　　These answering Defendants neither admit nor deny the allegations in paragraph 4 relating to the Plaintiff.

ANSWER TO COMPLAINT FOR DAMAGES

3) These answering Defendants admit that the City of Martinez is a municipal corporation organized under the laws of the State of California and that the City of Martinez oversees the operations of the Martinez Police Department per the allegations in paragraph 5.

4) These answering Defendants admit that Defendants GLENN WALKUP, J. ROGERS, and B. CARTER were and are police officers for the City of Martinez and were acting within the course and scope of their employment with the City of Martinez at the time of the incident alleged in the Complaint, per the allegations in paragraphs 6 through 8. These answering Defendants further admit that Defendant B. CARTER held the rank of Corporal and was a supervisory officer for Defendants WALKUP and ROGERS at the time of the alleged incident in the Complaint, per the allegations in paragraph 8.

5) These answering Defendants neither admit nor deny the allegations in paragraphs 9 through 10 as they are legal matters not proper for admission or denial.

### FACTS SUPPORTING PLAINTIFF'S CLAIMS FOR RELIEF

6) In answering the allegations in paragraphs 11 through 21, these answering Defendants respond as follows. On July 20, 2006, at approximately 3:00 a.m., officers of the Martinez Police Department were dispatched to the home of Plaintiff in Martinez on the report of a loud party. These officers included WALKUP, ROGERS, CARTER and Officer Butler, along with WALKUP's police canine, Enzo. The officers were aware of other calls for service to Plaintiff's residence and/or this area in the past that related to violence and/or irrational/bizarre behavior of the Plaintiff. The officers were informed that Plaintiff was on active parole. Based upon Plaintiff's history, the call for a loud party and Plaintiff's active parole, the officers decided to make contact at the residence and to perform a parole search.

7) The officers went up to the front door and knocked. All officers were in uniform. Plaintiff opened the door a few inches then closed it immediately and locked it. Plaintiff then fled and was seen running up the stairs inside the house. The officers continued to knock on the front door, announcing they were the police and demanded entry for a parole search. Without hearing any further response, the officers prepared to force entry into the home when the front door was opened by Ms. Levesque. Ms. Levesque was handcuffed immediately for her safety while

ANSWER TO COMPLAINT FOR DAMAGES          2

officers entered the residence.

8) At the bottom of the stairs, WALKUP made a canine announcement for Plaintiff to come out with his hands up or the police canine would be sent to find him. No response was made by Plaintiff. The police canine was then released to go up the stairs to search for the fleeing and/or hiding Plaintiff. The officers then followed the canine up the stairs.

9) After clearing three of the four bedrooms upstairs, one bedroom door remained closed. A further canine announcement was made by WALKUP about ten feet from the closed bedroom door. After getting no response, the closed bedroom door was forced open and the police canine entered the room on WALKUP's command.

10) The police canine located Plaintiff who was hiding in or around the bed in the bedroom and made contact with Plaintiff. Officers were unable to see Plaintiff clearly due to fact that he was attempting to conceal himself. After a brief time period, when officers could see that Plaintiff did not have anything in his hands and when Plaintiff stopped resisting, the police canine was given a command and WALKUP took control of the canine and Plaintiff was then handcuffed.

11) After Plaintiff was handcuffed, he was given immediate first aid by officers and an ambulance was called for further medical treatment.

12) Defendants deny the remaining allegations in paragraphs 11 through 21.

### DAMAGES

13) These answering Defendants deny the allegations in paragraphs 22 through 25.

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983
**(Against Defendants WALKUP, ROGERS, CARTER and DOES 1 through 20)**

14) In answering paragraphs 26 through 29, Defendants reallege their responses to paragraphs 1 through 25 of Plaintiffs Complaint. Defendants deny the allegations in paragraph 26 through 29.

ANSWER TO COMPLAINT FOR DAMAGES          3

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983

### (Against CITY)

15) In answering paragraphs 30 through 32, Defendants reallege their responses to paragraphs 1 through 25 of Plaintiffs Complaint. Defendants deny the allegations in paragraph 30 through 32.

## THIRD CAUSE OF ACTION

### 42 U.S.C. § 1983

### (Against CITY)

16) In answering paragraphs 33 through 34, Defendants reallege their responses to paragraphs 1 through 25 of Plaintiffs Complaint. Defendants deny the allegations in paragraph 33 through 34.

## FOURTH CAUSE OF ACTION

### California Civil Code § 52.1

### (Against WALKUP, ROGERS, CARTER, CITY and DOES 1 through 20)

17) In answering paragraphs 35 through 40, Defendants reallege their responses to paragraphs 1 through 25 of Plaintiffs Complaint. Defendants deny the allegations in paragraph 35 through 40.

## FIFTH CAUSE OF ACTION

### BATTERY

### (Against WALKUP and CITY)

18) In answering paragraphs 41 through 45, Defendants reallege their responses to paragraphs 1 through 25 of Plaintiffs Complaint. Defendants deny the allegations in paragraph 41 through 45.

## SIXTH CAUSE OF ACTION

### FALSE IMPRISONMENT

### (Against WALKUP, ROGERS, CARTER, CITY and DOES 1 through 20)

19) In answering paragraphs 46 through 49, Defendants reallege their responses to

ANSWER TO COMPLAINT FOR DAMAGES        4

paragraphs 1 through 25 of Plaintiffs Complaint. Defendants deny the allegations in paragraph 46 through 49.

### SEVENTH CAUSE OF ACTION

### NEGLIGENCE

**(Against WALKUP, ROGERS, CARTER, CITY and DOES 1 through 20)**

20) In answering paragraphs 50 through 53, Defendants reallege their responses to paragraphs 1 through 25 of Plaintiffs Complaint. Defendants deny the allegations in paragraph 33 through 34.

### PLAINTIFF'S PRAYER FOR RELIEF

21. These answering Defendants neither admit nor deny the allegations and prayer for relief in the prayer for relief section of the Complaint, after paragraph 53, as they are legal matters not proper for admission or denial.

### AFFIRMATIVE DEFENSES

1. AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that said Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

2. AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to state facts sufficient to support a prayer for punitive damages against these answering Defendants in Plaintiff's Complaint herein.

3. AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times and places mentioned in the Complaint herein, the Plaintiff failed to mitigate the amount of his damages, if any. The damages claimed by Plaintiff could have been mitigated by due diligence on his part or by one acting under similar circumstances. The Plaintiff's failure to mitigate is a bar to his recovery under the Complaint.

4. AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's own negligence in and about the matters alleged in his Complaint herein was the sole proximate cause of the happening of the incident, and of the injuries, loss and damages complained of, if any there were, and said negligence on the part of

ANSWER TO COMPLAINT FOR DAMAGES            5

Plaintiff bars recovery to Plaintiff or, in the alternative, that said Plaintiff's negligence in and about the matters alleged in the Complaint herein proximately contributed to the happening of the accident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff requires that any damages awarded Plaintiff shall be diminished as required by the law of the State of California in proportion to the amount of fault attached to said Plaintiff.

5.   AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

6.   AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to themselves.

7.   AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's unclean hands preclude any recovery by Plaintiff.

8.   AS AND FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the Plaintiff by virtue of his own conduct and omissions has enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiff as a result of the acts or omissions complained of herein.

9.   AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiff.

10.   AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the matters complained of by Plaintiff, if committed by Defendants, were consented to by Plaintiff.

ANSWER TO COMPLAINT FOR DAMAGES        6

11.   AS AND FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable statutes and case law.

12.   AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from liability herein and/or Plaintiff's claims are time barred pursuant to the provisions of California Government Code Sections 810 through 996.6.

13.   AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the alleged acts or omissions of the peace officers complained of in the Complaint herein were based upon the peace officer's reasonable belief that the Plaintiff had committed crimes in the officer's presence and the officer used reasonable force to detain Plaintiff, effect the arrest, prevent the escape and/or overcome the resistance of said Plaintiff; and Defendants are therefore immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

14.   AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at or about the time of the alleged event, the Defendants were presented with and had in their possession sufficient facts to constitute probable cause for the arrest of Plaintiff.

15.   AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, all actions taken by the Defendants were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and Defendants are therefore immune under the "good faith immunity" and/or qualified immunity doctrines.

16.   AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that only such reasonable force as was necessary and lawful under the circumstances was used by the Defendants.

17.   AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff actions were dangerous and/or

suspicious, necessitating that Defendants act in self-defense to prevent injury and/or thwart any attack by Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for the following relief:

1. That plaintiff take nothing by way of his Complaint herein;
2. For costs of suit;
3. For attorney's fees;
4. For such further relief as this Court may deem just and proper.

Dated: March 25, 2008

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendant
CITY OF MARTINEZ, GLENN WALKUP, J. ROGERS, AND B. CARTER

ANSWER TO COMPLAINT FOR DAMAGES            8