JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
J. GARRET DEAL (State Bar No. 249934)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
CITY OF MARTINEZ, GLENN WALKUP, J. ROGERS, and
B. CARTER

STAN CASPER (State Bar. No. 56705)
CASPER, MEADOWS, SCHWARTZ & COOK
California Plaza
2121 North California Blvd., Suite 1020
Walnut Creek, CA 94596
Telephone: (925) 947-1147
Facsimile: (925) 947-1131

Attorneys for Plaintiff
BRIAN NELSON WILLIAMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN NELSON WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF MARTINEZ, GLENN WALKUP, J. ROGERS, B. CARTER, AND DOES 1 through 20,<br><br>Defendants. | Case No. C08-0449 SI<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: May 9, 2008<br>Time: 2:00 p.m.<br>Dept.: 10<br>Judge: Hon. Susan Illston |

The parties hereby jointly submit the following Joint Case Management Statement in preparation for the upcoming case management conference in this case.

**A. JURISDICTION AND SERVICE**

The parties agree that this Court has subject matter jurisdiction over all claims in this

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT – CASE NO. C08-0449SI

action pursuant to 28 U.S.C. §§ 1331 and 1343. The parties further agree that this Court has personal jurisdiction over all parties and that venue in the Northern District of California is proper. All parties have been served.

**B. FACTS**

1.  Plaintiff's Version

During the early morning of July 20, 2006, the Martinez Police Department received a call complaining of a noisy party at the home of Plaintiff, BRIAN WILLIAMS. Dispatch notified Defendant WALKUP, who reported to the address along with Defendants CARTER and ROGERS, and Officer Butler. WALKUP was accompanied by his police canine, "Enzo."

When the officers arrived at the address, the area was quiet and there was no evidence of a noisy party. Nonetheless, the officers sought to enter WILLIAMS' home. The front door was opened by an acquaintance of WILLIAMS, Ms. Levesque. Before permission or consent to enter was given, the officers pushed through the front door entryway and entered Plaintiff's home.

Levesque told the officers that WILLIAMS was upstairs in his bedroom. Butler handcuffed Levesque and told her to sit down. The officers and Enzo went upstairs.

WALKUP released Enzo and gave him a "search" command." Enzo found WILLIAMS in his bedroom lying in his bed. WALKUP then directed and encouraged Enzo to bite WILLIAMS numerous times in his shoulder, forearm, and legs, causing multiple puncture wounds.

WALKUP did not prevent Enzo from biting or continuing to bite WILLIAMS, nor did CARTER or ROGERS. CARTER and ROGERS did not intervene to require WALKUP to prevent Enzo from biting or continuing to bite WILLIAMS.

WILLIAMS had not committed a crime that night, nor was he suspected of committing any crime that night. He was peacefully relaxing in his bedroom during the incident. He was not on parole. It was inappropriate and unjustified for Defendants to apply any force whatsoever. Defendants knew they should have prevented Enzo from biting WILLIAMS.

Defendants obtained emergency medical care for Plaintiff and then transferred him for booking. WALKUP sought prosecution against Plaintiff for resisting arrest. The Contra Costa

County District Attorney's Office declined to prosecute in the interests of justice.

The following day, Plaintiff sought further medical treatment. His puncture wounds had become infected and Plaintiff needed extensive antibiotic treatment. His injuries and treatment caused Plaintiff to miss work and lose substantial income.

2.   <u>Defendants' Version</u>

Defendants deny Plaintiff's contentions. On July 20, 2006, at approximately 3:00 a.m., officers of the Martinez Police Department were dispatched to Plaintiff's home in Martinez on the report of a loud party. These responding officers included WALKUP, ROGERS, CARTER and Officer Butler, and WALKUP's police canine, Enzo. The officers were aware of other calls for service to Plaintiff's residence and/or this area in the past that related to violence and/or irrational/bizarre behavior of the Plaintiff. The officers were informed that Plaintiff was on active parole. Based upon Plaintiff's history, the call for a loud party and Plaintiff's active parole, the officers decided to make contact at the residence and to perform a parole search.

The officers went up to the front door and knocked. They all wore full police uniforms. Plaintiff opened the door a few inches and then closed it immediately and locked it. Plaintiff then fled and the officers saw him run up the stairs inside the house. The officers continued to knock on the front door while announcing they were the police and demanding entry for a parole search. Without hearing any further response, the officers prepared to force entry into the home when Ms. Levesque opened the front door.

At the bottom of the stairs, WALKUP made an announcement for Plaintiff to come out with his hands up or the police canine would be sent to find him. Plaintiff did not respond. The police canine was then released to go up the stairs to search for the fleeing and/or hiding Plaintiff. The officers then followed the canine up the stairs.

After clearing three of the four bedrooms upstairs, one bedroom door remained closed. WALKUP made a further canine announcement about ten feet from the closed bedroom door. After receiving no response, the closed bedroom door was forced open and the police canine entered the room on WALKUP's command.

The police canine located Plaintiff who was hiding in or around the bed in the bedroom

and made contact with Plaintiff. Officers could not see Plaintiff clearly due to fact that he was attempting to conceal himself. After a brief time period, when officers could see that Plaintiff did not have anything in his hands and when Plaintiff stopped resisting, the police canine was given an "off" command and WALKUP took control of the canine. Plaintiff was then handcuffed.

After Plaintiff was handcuffed, he was given immediate first aid by officers and an ambulance was called for further medical treatment.

3.   Principal Factual Issues Likely Disputed

(A) Whether the Defendants saw Plaintiff run upstairs after they had knocked and announced their presence.

(B) Whether Plaintiff was subject to a search and seizure clause pursuant to parole or probation.

(C) Whether Plaintiff was asleep or hiding from Defendants.

(D) The nature and the force used by Defendants and Enzo.

(E) The nature and extent of Plaintiff's alleged injuries.

**B. LEGAL ISSUES**

The principle legal issues the parties likely dispute are as follows:

(A) Whether Defendants lawfully entered Plaintiff's home.

(2) Whether the force used by Defendants was used in a manner that was objectively reasonable under the circumstances;

(3) Whether Defendants had sufficient facts to form a reasonable suspicion and/or probable cause to detain and/or arrest Plaintiff;

(4) Whether the individual Defendants are entitled to qualified immunity for their actions.

(5) Whether or not Defendants violated the constitutional rights of Plaintiff per the 4th and/or 14th Amendments.

(6) Whether Plaintiff has any legitimate state law claims for damages, including claims of battery, false imprisonment and/or negligence.

(7) Whether there is any basis for liability against the City of Martinez

(8) Whether Defendants are entitled to any immunities, per state or federal law.

### C. MOTIONS

All parties anticipate filing motions in limine. The Defendants anticipate filing dispositive motions.

### D. AMENDMENT OF PLEADINGS

No amendments are anticipated at this time.

### D. EVIDENCE PRESERVATION

The parties mutually agree to preserve all potentially relevant evidence.

### E. DISCLOSURES

The parties shall exchange initial disclosures prior to May 9, 2008.

### E. DISCOVERY

No discovery has been conducted thus far.

The Plaintiff anticipates taking the depositions of the officers and their supervisors during the summer of 2008. The Defendants will take the deposition of the Plaintiff and Ms. Levesque, any percipient witnesses identified in discovery, as well as will propound written discovery on Plaintiff. Other discovery, unknown at this time, may also be necessary.

### F. CLASS ACTIONS

This case is not a class action.

### F. RELATED CASES

The parties are not aware of any pending cases related to this action.

### G. RELIEF

Plaintiff is seeking relief in this action, as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For damages for the violation of constitutional rights, according to proof;

4. For treble damages and civil penalties, pursuant to California Code § 52;

5. For punitive and exemplary damages against WALKUP, according to proof;

6. For attorney's fees incurred in the prosecution of this action pursuant to 42 U.S.C. § 1988 and California Civil Code § 52;

7. For an award of prejudgment interest as allowable by law; and

8. For such other relief as the court may deem reasonable and just.

Defendants have not yet been able to evaluate the claimed relief and damages sought by Plaintiff.

### H. SETTLEMENT AND ADR

Counsel for the parties were in the process of scheduling informal settlement discussions at the request of Plaintiff's counsel when this case was ordered to mediation by the Court. The parties submit that the matter will be ready for ADR after some written discovery and the completion of the depositions of Plaintiff, Ms. Levesque and WALKUP, likely in the next ninety (90) to one-hundred and twenty (120) days following the case management conference.

### I. CONSENT TO A MAGISTRATE FOR ALL PURPOSES

Defendants have declined to have this matter adjudicated by a United States Magistrate Judge. The parties are currently assigned to Your Honor for all purposes.

### J. OTHER REFERENCES

No references are necessary.

### K. NARROWING OF ISSUES

The parties will attempt to narrow the issues via discovery and stipulation, though it is too premature in this matter to narrow any such issues.

### L. EXPEDITED SCHEDULE

This case cannot be handled on an expedited basis.

### M. SCHEDULING

/ / /

### Proposed Schedule

| Event | Proposed Deadline |
|---|---|
| Deadline to add or substitute parties/claims without leave | June 20, 2008 |
| Deadline to Complete ADR Mediation | July 19, 2008 |
| Date of Next Case Management Conference | August 27, 2008 |
| Completion of non-expert discovery | December 5, 2008 |
| Expert Disclosure Deadline | January 16, 2009 |
| Rebuttal Expert Disclosure Deadline | January 30, 2009 |
| Completion of Expert Discovery | March 13, 2009 |
| Last Day to Hear Dispositive motions | May 12, 2009 |
| File Pre-Trial Conference Statements | June 9, 2009 |
| Pre-Trial Conference (subject to Court's availability) | June 23, 2009 |
| Trial Date (subject to Court's availability) | July 13, 2009 |

### M. TRIAL

This case will be tried before a jury. The parties anticipate that the trial will last approximately five (5) to seven (7) court days.

### N. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES/PERSONS

The parties have no such interest to report.

### O. OTHER MATTERS

There does not appear to be any other matters needing discussion at this point.

| | | |
|---|---|---|
| 1 | Dated: April 30, 2008 | McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ Fitzgerald, James V. |
| | | James V. Fitzgerald, III |
| | | Noah G. Blechman |
| 5 | | J. Garret Deal |
| | | Attorneys for Defendant |
| 6 | | CITY OF MARTINEZ, GLENN WALKUP, J. ROGERS, AND B. CARTER |
| 7 | | |
| 8 | Dated: April 30, 2008 | CASPER, MEADOWS, SCHWARTZ & COOK |
| 9 | | |
| 10 | | By: /s/ Casper, Stan |
| | | Stan Casper |
| 11 | | Attorneys for Plaintiff |
| | | BRIAN NELSON WILLIAMS |

JOINT CASE MANAGEMENT CONFERENCE    8
STATEMENT – CASE NO. C08-0449SI